UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS L. WILLIAMS,              :   CIVIL ACTION NO. 07-796 (MLC)
                                 :
      Plaintiff,                 :   **MEMORANDUM OPINION**
                                 :
   v.                            :
                                 :
RONKO DEVELOPERS INC., et al.,   :
                                 :
      Defendants.                :

**IT APPEARING** that the plaintiff pro se, Thomas L. Williams, has failed to either pay the required filing fee, or apply for in-forma-pauperis relief, see 28 U.S.C. §§ 1914, 1915, see also L.Civ.R. 54.3(a) (stating clerk will not file complaint "unless the fee therefor is paid in advance"); and it appearing that the Court could hold Williams's action in abeyance; but the Court intending to review the merits of the action now; and

**IT APPEARING** that the Court may dismiss a complaint sua sponte if it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B); and it appearing that the Court must construe a pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff," Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); and it appearing that the Court

need not credit bald assertions or legal conclusions, id.; and it appearing that a complaint is frivolous if it lacks an arguable basis in law or fact, or contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989); and

**WILLIAMS** bringing this action against defendants identified as (1) Ronko Developers Inc. ("RDI"), (2) Boro of Red Bank, (3) "John Bender Deputy ATG.", (4) New Jersey Appellate Division, (5) "Office of ADMST. Law", (6) Superior Court, Monmouth County, (7) New Jersey Division of Motor Vehicles, (8) Edith Roach, (9) Jack Richardson, (10) James Parker, (11) "Elaine/Theodore Sourlis", and (12) Edward Derrickson (Am. Compl.); and it appearing that Williams seeks to oppose a "forecloseure [sic]" on the grounds of "malious [sic] abuse of process, abuse of discretion, fraud ond [sic] the court, tampering with records, property damage, unliquidated damages/injuries, excess levy" (Compl., at 2), as well as:

> (1) Supersedea [sic] (2) Agrieved [sic] party never recieved [sic] a fair trial in the "FIRST INSTANCESES [sic]" (3) The Boro of Red Bank was NEGLIGENT. (4) Excess of JUrisdiction [sic]. (5) Abuse of Process (6) Abuse of Discretion (7) Collateral Attack on a Valid Judgement (8) Extortion (8) Racious [sic] Bias (10) obstructuon [sic] of justice, [and] . . . withholding evidence, unlawful taking of motor vehicles on more than one occasion, illegal tax lien/excessive

(Am. Compl., at 2-3); and Williams asserting:

> 1. A Final defaut [sic] judgement was entered against the adversery [sic] (failure to appearr [sic]/ 2003)
> 2. Adversery [sic] has fail [sic] to produce Sheriff's Report upon inqury [sic] (Boro of Red Bank)
> 3. Adverseries [sic] has fail [sic] to produce Clean-up report or legal expenses.
> 4. adverseries [sic] are seeking a second bite of the apple.
> 5. Tax lien is Involuntary.
> 6. A mortgage is Voluntary.

(Compl., at 3); and Williams asserting that some sort of judgment was entered in 1992 (Am. Compl., at 4); and Williams asserting further that he "never recieved [sic] a tax bill . . . [and] this action can legally be clasified [sic] as, extortion or grand larceney [sic]" (id. at 10); and Williams submitting a copy of a motion filed by RDI in state court for the entry of default against, among others, him in a foreclosure action under docket number F-2184-06 ("State Action") (Compl., Ex. 1); and it appearing that the State Action was commenced in February 2006, and is still pending;[1] and Williams including the State Action docket number on the purported complaint and amended complaint submitted here (Compl., at 1; Am. Compl., at 1); and

**IT APPEARING** that the Court should abstain from exercising jurisdiction here under the Younger abstention doctrine, as (1) the State Action may be ongoing, (2) it implicates important state interests, and (3) there is an adequate opportunity to raise

---

[1] Westlaw's "Lawsuit Filings — New Jersey" library lists the State Action.

federal claims therein, see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982), Younger v. Harris, 401 U.S. 37, 43-54 (1971), see also Brooks-McCollum v. Del., No. 05-4129, 2007 WL 81659, at *2-*3 (3d Cir. Jan. 11, 2007) (dismissing appeal where plaintiff brought claim against state judge overseeing the pending state action at issue); and

**IT APPEARING** that the Court would lack jurisdiction here under the Rooker-Feldman doctrine if a final determination has been made in the State Action or any of the other actions that Williams may be referencing in his hodgepodge allegations, as it appears that Williams's claims were — or could have been — raised in the State Action or other actions, from which he should have sought review through the state appellate process and, if warranted, certiorari to the United States Supreme Court, see D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983), Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923); and it appearing that a losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); and thus it appearing that:

> The Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling. Stated

>   another way, Rooker-Feldman does not allow a plaintiff
>   to seek relief that, if granted, would prevent a state
>   court from enforcing its orders

McAllister v. Allegheny County Family Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005) (cites and quotes omitted);[2] and

**IT APPEARING** that the action insofar as it may be construed as asserting claims against the state courts is barred, as state courts are immune under the Eleventh Amendment and the doctrine of absolute immunity, even when the judicial acts at issue are in excess of jurisdiction and alleged to have been done maliciously or corruptly, see Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000), Carroway v. N.J., No. 06-3087, 2006 WL 2971315, at *1 (3d Cir. Oct. 18, 2006); and

**IT APPEARING** that Williams, even though attempting to bring an action pro se, must comply with minimum pleading standards, see Fultz v. Neighborhood Leg. Servs., 654 F.Supp. 881, 884 (W.D. Pa. 1987), Walker v. Comay, 640 F.Supp. 195, 196 (W.D. Pa. 1986); and it appearing that Williams fails to assert any basis for the Court's jurisdiction here, see Fran. Tax Bd. v. Constr. Lab. Vac.

---

[2] The action may also be barred by the doctrines of res judicata, entire controversy, and collateral estoppel. See Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995) (concerning res judicata); Okpor v. Rutgers, State Univ. of N.J., 196 Fed.Appx. 129, 131 (3d Cir. 2006) (concerning entire controversy); Bd. of Trs. of Trucking Em'ees of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992) (concerning collateral estoppel).

Tr., 463 U.S. 1, 9-12 (1983); and the Court also concluding that the entire body of the complaint fails to conform to the Federal Rules of Civil Procedure, see Fed.R.Civ.P. 8-10; and the Court thus being unable to "discern [a] clear actionable claim" here, Doumit v. Coldwell Banker Realtors, 135 Fed.Appx. 543, 544 (3d Cir. 2005) (affirming order dismissing pro se complaint); and

**THE COURT** thus intending to direct the Clerk of the Court to not file the complaint and the amended complaint, and close the action, as the complaint and the amended complaint are frivolous, fail to state a claim on which relief may be granted, and seek monetary relief against defendants who are immune from such relief; and for good cause appearing, the Court will issue an appropriate order and judgment.[3]

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[3] Williams, if filing any further papers in this action, must either pay the filing fee or properly apply for in-forma-pauperis relief.